IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 2

LARRY E. WILSON-BEY,

    Plaintiff,

v.

JOHN ASHCROFT, et al.,

    Defendants.

**ORDER**

**THIS MATTER IS** before the Court upon Defendants' Motion to Dismiss, (file doc. 5), filed on March 29, 2005. On June 16, 2005, this Court entered an Order directing *pro se* Plaintiff Larry E. Wilson-Bey to respond to the Motion to Dismiss within 14 days of that Order. Plaintiff did not respond to the Motion to Dismiss. Accordingly, this Motion is ripe for disposition.

On January 3, 2005, Plaintiff filed a 160-page Complaint which seeks a variety of remedies in the nature of an action *quo warranto*–the most notable being that he seeks to have himself replace George W. Bush as President. (Compl. at 12.) He also seeks to have the Vice President and several other high ranking Government officials replaced. (Compl. at 12-13.) At another point in the Complaint, Plaintiff seeks damages in the amount of one thousand zillion dollars, plus interest, and still at another point seeks damages in the amount of seventy-five billion dollars–both related to the allegedly false Government currently in power. (Compl. at 24, 26.) Plaintiff also seeks to have the Government return all of the authentic papers of the "Family of Nations" to the rightful owners. (Compl. at 25.) And, in a very lengthy appendix, Plaintiff fully explains his theory of the United States Government and the fact that the proper people are not currently in charge. (Compl. at 33-158.)

As interesting as these theories are, this Court shall not concern itself with a determination of the truth or falsity of the allegations in this Complaint. As the Government has correctly pointed out in its Motion to Dismiss, this Court does not have jurisdiction to grant the requested relief. (Mot. at 2.) Article II, Section 4 of the United States Constitution provides for removal of the President, Vice President, and other civil officers through the impeachment process. Article I, Section 2, Clause 5 of the Constitution gives the United States House of Representatives the "sole power of Impeachment," while Article I, Section 3, Clause 6 gives the United States Senate the "sole power to try all Impeachments." Thus, the Court must dismiss this Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Further, there is no legal authority to permit this Court to appoint a new President, Vice President, or any of the other positions Plaintiff seeks to fill through this Complaint. And, finally, as the Government correctly points out, "there is no original jurisdiction in the federal district court to entertain an information in the nature of quo warranto." *United States ex. rel. State of Wis. v. First Fed. Sav. and Loan Ass'n*, 248 F.2d 804, 809 (7th Cir. 1957), *cert. denied*, 355 U.S. 957, 78 S. Ct. 543, 2 L. Ed. 2d 533 (1958). Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is also proper, in that this Court lacks jurisdiction over the subject matter of the Complaint.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss, (file doc. 5), be **GRANTED**, and the clerk is directed to close this case.

**Signed: November 3, 2005**

Graham C. Mullen
Chief United States District Judge